# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY EASTMAN,

Plaintiff,

v.

No. 18-cv-543-DRH-DGW

JOHN DOE, et al.,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Jeffrey Eastman brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's lawsuit stems from allegations that prison officials and staff at Big Muddy River Correctional Center and Centralia Correctional Center were deliberately indifferent to his serious medical issues in violation of the Eighth Amendment and failed to accommodate his disabilities (Doc. 1). On March 22, 2018, the Court conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and the matter was referred to Magistrate Judge Donald G. Wilkerson (Doc. 11). Specifically, plaintiff was permitted to proceed on Count 1 of his complaint against Defendant John Doe in this case. However, this defendant had to be identified with particularity before service of the Complaint could be made on

him. Count 2 was dismissed without prejudice, and the Court severed Counts 3-5 into separate actions. The Court also directed that the Warden of Big Muddy River Correctional Center be added as a defendant in his official capacity only, and he was deemed responsible for responding to discovery aimed at identifying John Doe.

Thereafter, defendant Daniel Sullivan, Warden of Big Muddy River Correctional Center, filed a motion to dismiss (Doc. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Wilkerson submitted a Report and Recommendation ("the Report") on May 7, 2018 (Doc. 23). The Report recommends that the Court grant defendant's motion to dismiss because plaintiff did not state any claims against Defendant Sullivan in his individual capacity; Defendant Sullivan assisted in identifying John Doe as Dr. Dennis Larson; and as plaintiff has no ending claim for injunctive relief against Sullivan and the John Doe defendant has been identified, Sullivan should be dismissed from this action.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. In fact, plaintiff filed a response to the motion in which he indicates that he is agreeable to the motion to dismiss (Doc. 25). The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 23). The Court **GRANTS** Defendant Sullivan's motion to dismiss (Doc. 22) for the reasons given in the Report and Recommendation. The Clerk is **DIRECTED** to terminate Warden Daniel Sullivan from this action and enter judgment at the close of this case.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.24
15:47:21 -05'00'

**United States District Judge**