IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY H. EASTMAN, | |
| Plaintiff, | |
| v. | Case No. 3:18-CV-543-NJR-MAB |
| DR. DENNIS LARSON, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion for Reconsideration filed by Plaintiff Jeffrey Eastman (Doc. 68). On January 30, 2019, the Court granted the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Dr. Dennis Larson (Doc. 65). Eastman now asks the Court to reconsider that decision. For the reasons set forth below, the motion is denied.

## BACKGROUND

Eastman is an inmate in the Illinois Department of Corrections who filed this lawsuit under 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights (Doc. 1). Eastman claimed Defendant Dr. Larson violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs involving a deformity and arthritis in his feet and his associated pain (*Id.*). Eastman also filed a medical negligence claim against Dr. Larson, but that claim was later dismissed without prejudice because Eastman failed to provide an affidavit and written report by a healthcare

professional indicating the claim was reasonable and meritorious, as required by Illinois law (*Id.*; Doc. 11).

On October 9, 2018, Dr. Larson filed a motion for summary judgment arguing Eastman failed to exhaust his administrative remedies prior to filing this lawsuit when Eastman did not file a grievance in the proper timeframe under the Illinois Administrative Code (Doc. 53). *See* 20 ILL. ADMIN. CODE § 504.810(a). Dr. Larson asserted that Eastman's complaint and grievance records indicate he did not file a grievance while incarcerated at Big Muddy and under the treatment of Dr. Larson. Furthermore, he argued, it is undisputed that Eastman did not file any grievance pertaining to the conditions of his feet and ankles until at least June 2016—well after he was transferred to Centralia Correctional Center and more than 60 days after treatment by Dr. Larson had ceased.

In response, Eastman filed an affidavit explaining that from 2011 to 2014, he requested treatment in writing 14 times but was ignored (Doc. 56). On August 1, 2014, Dr. Larson finally saw Eastman for his disorder and prescribed arch support insoles (*Id.*). By October 2014, however, Eastman complained to the Healthcare Unit that the insoles did not work (*Id.*). Eastman sent additional complaints to the Healthcare Unit in February and April 2015 (*Id.*). Eastman was transferred to Centralia in November 2015. He twisted his ankle while wearing the insoles prescribed by Dr. Larson, but claimed he did not realize there was a correlation between his injury and the insoles (*Id.*). In April 2016, the Centralia Medical Director told Eastman that the foam insoles were adequate, which Eastman claimed was a lie (*Id.*). Eastman further asserted that he did not realize he had a

medical problem caused, in part, by Dr. Larson's ineffective treatment and reckless disregard for his condition, until September 21, 2016. Thus, he argued, he had 60 days after the discovery of the issue to file a grievance against Dr. Larson.

The Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), on January 29, 2019. In its subsequent Order granting summary judgment to Dr. Larson, the Court found that Eastman failed to demonstrate good cause for filing his grievance outside of the 60-day window imposed by the Illinois Administrative Code. The Court found that Eastman should have realized the grounds for filing a grievance when he continued to request additional medical care and to see an orthopedic specialist after Dr. Larson prescribed the foam insoles.

The Court further rejected Eastman's argument that the Administrative Review Board did not deny his grievance as untimely. The Court noted that the ARB said it could not assess whether the August 2016 grievance was timely filed because Eastman failed to include the specific dates he received medical care. The ARB also rejected Eastman's June 2016 grievance on procedural grounds, noting that Eastman should have provided the requisite institutional responses. The Court noted that the ARB may have been mistaken in that conclusion as it pertained to his complaints about Dr. Larson at Big Muddy, as the grievance form instructed Eastman to file complaints regarding another facility directly with the ARB. Nevertheless, that did not excuse the fact that his grievance about Dr. Larson was untimely. Furthermore, because the ARB never reached the merits of Eastman's claim, the prison never had notice of the problem and an opportunity to correct it. Accordingly, the Court found that Eastman failed to exhaust his administrative

remedies and dismissed his case without prejudice. Judgment was entered on January 30, 2019 (Doc. 67). Eastman now asks the Court to reconsider its Order and Judgment.

## LEGAL STANDARD

Although Eastman does not invoke any rule that offers such relief, Rule 59(e) of the Federal Rules of Civil Procedure permits the Court to alter or amend a judgment where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Relief under this rule is an extraordinary remedy "reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

### A. Discovery of Arthritis Diagnosis

Eastman primarily argues that he filed a grievance within 60 days of discovering he had arthritis and that it could have been caused by the inserts Dr. Larson prescribed; thus, Defendant's motion should have been denied with regard to his complaints of arthritis. Eastman distinguishes his case from the one cited by the Court, *Macon v. Mahone*,

590 F. App'x 609, 612 (7th Cir. 2014). In *Macon*, the Seventh Circuit found that the plaintiff's decision to wait for lab reports to confirm his health concerns was not good cause for filing his grievance late when two nurses had made statements that should have put the plaintiff on notice of the grounds of his grievance. Here, Eastman argues, he had no medical opinion that suggested he had arthritis or that Dr. Larson was responsible for causing it. Because he was not diagnosed with mild osteoarthritis until April 16, 2016, he could not have grieved Dr. Larson's involvement in causing his arthritis until after that date. And he did just that, he asserts, when he filed his June 2, 2016 grievance.

While it is true no medical professional told Eastman he may have arthritis prior to at least April 19, 2016 (see Doc. 1 at p. 73), the record indicates he suspected he had arthritis as early as February 27, 2015. On that date, he requested a visit to the Healthcare Unit, stating, in part: "I think I might be getting arthritis from not having proper orthopedic braces. Can you please let me see an orthopedic specialist?" (Doc. 1 at p. 60).

The evidence before the Court, therefore, is that: Dr. Larson prescribed the foam insoles on August 1, 2014; Eastman complained to the Healthcare Unit that the insoles did not work in October 2014; and by February 27, 2015, Eastman thought he might have arthritis as a result of not having orthopedic braces. At that point, Eastman had 60 days to file a grievance with regard to Dr. Larson and his decision to give Eastman foam insoles rather than orthopedic braces, thereby causing Eastman to develop what he thought might be arthritis. *See* Ill. Admin. Code. § 504.810(a) ("A grievance must be filed with the counselor or Grievance Officer . . . within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance."). There is no requirement that an

inmate have an official diagnosis before a grievance must be filed. Rather, the inmate must only have notice of the "problem" giving rise to the grievance. In this case, Eastman had notice of that problem by February 27, 2015. Because Eastman did not file his grievance until June 2016, his grievance was untimely.

### B. Remaining Arguments

The Court has considered the remainder of Eastman's arguments and finds them to be without merit. Eastman argues he should have been given "proper representation" for the *Pavey* hearing, as he suffers from ADHD, learning disabilities, anxiety, and depression, among other things. According to Eastman, he felt like he was treated unfairly at the *Pavey* hearing, as he was interrupted while he was speaking and silenced on another occasion. He asserts that an attorney could have presented the facts much better and that the Court would have given an attorney more of an opportunity to present an argument.

While sympathizing with Eastman's learning and mental disabilities, this argument does not demonstrate any manifest error of law or newly discovered evidence that would require the Court to alter its judgment. The time for asking the Court to reconsider its decision with regard to appointing counsel was after his latest motion for counsel was denied on May 7, 2018 (Doc. 24).

Eastman also argues that the ARB's responses to his grievances were void, that there is a factual dispute as to whether there was an adequate remedy available based on the ARB's response that his requests were not grievable issues, and that the Court did not consider that the relief he sought was universal and not limited to a specific facility. None

of these arguments, however, are relevant to the fact that the Court found his grievances to be untimely with regard to his claim in this lawsuit against Dr. Larson.

Finally, Eastman argues that Count 2---a medical malpractice claim against Dr. Larson—should not have been dismissed with prejudice when he failed to file an affidavit and written report by a healthcare professional indicating the claim was reasonable and meritorious, as required by Illinois law. Eastman argues that Defendants refused him access to a doctor who could have provided the required medical affidavit under Illinois law. Eastman has not identified, however, any statute or other authority requiring prison officials to transport him to a private physician to obtain an affidavit. Therefore, the Court finds this argument unpersuasive.

## Conclusion

For these reasons, the Motion for Reconsideration filed by Plaintiff Jeffrey Eastman (Doc. 68) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 16, 2019

                                                    **NANCY J. ROSENSTENGEL**
                                                    **Chief U.S. District Judge**